(April 17, 1895.)

SECURITY SAVINGS AND TRUST CO. v. PIPER, JUDGE.

[40 Pac. 144.]

PRACTICE — CORPORATION — DISSOLUTION — RECEIVER.—Under sections 5185, 5186, and 5187 of the Revised Statutes of Idaho, the trustees and stockholders of a corporation may make application to the district court for its dissolution, and upon such application being made, the court is authorized by section 4329 of the Revised Statutes to appoint a receiver when necessary to take charge of the property of such corporation.

(Syllabus by the court.)

Original proceeding by writ of review.

W. H. Winfree and Forney, Smith & Moore, for Petitioner.

This cause coming up on *certiorari* the inquiry is, of course,

to be confined to a consideration of the "mere power" of the district court to appoint a receiver in a case of this nature. In brief, did the inferior court exceed its jurisdiction? Independent of the fifth subdivision of section 4329 of the Code of Civil Procedure of the Revised Statutes of Idaho, there is no jurisdiction vested in courts of equity to appoint a receiver for the dissolution of a corporation and the administration of its affairs, but that such powers, when they exist, are statutory. This question was brought under consideration in the case of *Neall v. Hill,* 16 Cal. 145, 76 Am. Dec. 508, and note, and also in *French Bank Case,* 53 Cal. 550. The authority conferred upon the court to make the appointment necessarily presupposes that an action is pending before it, instituted by some one authorized by law to commence it. (*Gold Hunter Min. etc. Co. v. Holleman,* 3 Idaho, 99, 27 Pac. 413; *Kimball v. Goodburn,* 32 Mich. 10; *Hugh v. McRae,* Chase, 466, Fed. Cas. No. 6840; *Jones v. Bank of Leadville,* 10 Colo. 464, 17 Pac. 276; *Smith v. Superior Court,* 97 Cal. 348, 32 Pac. 322.)

Sweet, Steele & George W. Goode, for Defendant.

An order appointing a receiver is interlocutory and writ of review can only issue for the purpose of reviewing final determinations. (*People v. County Judge,* 40 Cal. 479; *People v. Lindsey,* 1 Idaho, 394; *Everidge v. Berrys,* 93 Ga. 760, 20 S. E. 644; *State v. Edwards,* 104 Mo. 125, 16 S. W. 117; *Schwarz v. County Court,* 14 Colo. 44, 23 Pac. 84.) To entitle a petitioner to a writ of review he must be a party to the suit or matter in controversy. (*Gold Hunter Min. etc. Co. v. Holleman,* 3 Idaho, 99, 27 Pac. 413.) Writ of review is not a writ of right, and will issue only when it appears that justice requires it. (*Duggen v. McGruder,* Walk. 112, 12 Am. Dec. 527; *People v. Supervisors of Allegany,* 15 Wend. 198; *Keys v. Marin County,* 42 Cal. 252; *People v. Mayor of New York,* 2 Hill, 12.) Courts of equity have power independent of statute to appoint receivers of corporations, either on request of the corporation itself or its stockholders. (*Olmstead v. Distilling etc. Feeding Co.,* 73 Fed. 44, 9 Nat. Corp. Rep. 9, p.

503; *Towle v. American Bldg. etc. Soc.,* 60 Fed. 131; *Doe v. Northwestern Coal etc. Co.,* 64 Fed. 928; *Wooding v. J. Wooding & Co.,* 10 Wash. 531, 39 Pac. 137; 1 Hill's Washington Code, sec. 1519.)

In the matter of the dissolution of the Farmers' Bank of Moscow on the second day of January, 1895, four of the six trustees and the cashier of the said bank file their petition in the district court for Latah county, and allege that said bank is a corporation; that at a meeting of the stockholders of said corporation held on the second day of January, 1895, over two-thirds of the members and stockholders of said corporation voting therefor, a resolution was passed that the said corporation be dissolved, and its affairs be placed in the hands of a receiver; that an application be made to the district court for said dissolution, and that E. R. Headley be appointed as receiver, he being one of the stockholders thereof.   On the same day said E. R. Headley filed his petition in said court, setting forth substantially the same facts, and, in addition thereto, stating that the plaintiff herein, on the thirty-first day of December, 1894, brought suit against said bank for the sum of $2,360, issued an attachment therein, and levied the same upon the property, real and personal, of said bank.   On the said second day of January, 1895, over two-thirds of the members and stockholders of said bank file their consent and request for the appointment of said Headley as receiver.   It also appears as a fact that said corporation was then insolvent.   It also appears from recitals in the judgment and decree of the district court herein that the plaintiff in this cause appeared in said suit by its attorney, and then and there in open court consented and requested that said Headley be appointed receiver as aforesaid; that said plaintiff was one of the largest creditors of said Farmers' Bank of Moscow.   Upon consideration of said petition and facts appearing in said cause, the said E. R. Headley was appointed a receiver therein, with instructions to take possession of all the property and assets of said Farmers' Bank of Moscow, and take charge of all the business of said bank, and conduct it in such manner as will be for the best interest

of the stockholders and creditors of said bank, subject at all times to the orders of the court. It further appears that by virtue of said order of said district court the said receiver so appointed has taken possession of the property and assets of said bank, and now holds the same, subject to the order of said district court. To the said order and decree of the said district court the plaintiff herein then and there excepted, and brings the action of the said district court to this court by writ of *certiorari* for review, and asks to have the action of the said district court annulled and set aside for want of jurisdiction.

MORGAN, C. J. (After Stating the Facts.)—This was an application for a dissolution of the corporation, the Farmers' Bank of Moscow, under sections 5185-5187 of the Revised Statutes of Idaho. All the requirements of said sections seem to have been complied with. The application is in writing, is voluntary, was resolved upon by a two-thirds vote of all the stockholders and members of the corporation, was signed by a majority of the board of trustees and the cashier of said corporation, and was duly verified. The application was proper, under said statutes. No order of dissolution has yet been entered, and none can be, until notice is given as required by section 5188 of the Revised Statutes of Idaho. A receiver has been appointed to take charge of the assets of the corporation and settle up its affairs. This action is authorized by subdivision 5 of section 4329 of the Revised Statutes of Idaho, which states that "a receiver may be appointed by the court in which an action is pending or has passed to judgment"; "in the case where a corporation has been dissolved or is insolvent, or in imminent danger of insolvency," etc. An action for the dissolution of this corporation is pending. It abundantly appears by the admitted facts that said corporation was at the time insolvent, or in imminent danger of insolvency. Appellant states in its petition that it presented its certificate of deposit to said bank for payment on the 31st of December, 1894, and payment was refused; and that thereupon appellant commenced suit against said bank, issued its attachment, and levied upon the property of said bank, including the bank building.

As a result thereof, the said bank closed its doors, being unable to meet its obligations.

There could hardly be more convincing evidence of insolvency or imminent danger of insolvency of a bank than that it should fail to pay due obligations on presentation, and close its doors, cease to do business in the regular way, or at all, and file a petition for dissolution. The appointment of a receiver was fully authorized, under the circumstances by the statutes above quoted. No notice of the application for dissolution of the corporation has been given, for the reason that the time for such notice to be given had not yet arrived when this petition for review was presented; and no order of dissolution can be made until this notice is given in accordance with section 5188 of the Revised Statutes. The cases quoted by appellant are not similar. In *French Bank Case,* 53 Cal. 550, the application for the appointment of a receiver and for dissolution of the corporation was made by a private individual, a creditor of the bank, and was resisted by the corporation. The court says: "There is no statute which undertakes to confer upon a private person, either as stockholder or creditor, the right to maintain an action to dissolve a corporation upon the ground that it is insolvent, or to obtain relief by seizing its property out of the hands of its constituted management, and placing it in the hands of a receiver." In the case at bar the action for dissolution was not commenced by a private person, but by the officers of the bank, duly authorized by a two-thirds vote of the stockholders and members of the corporation, substantially in accordance with the statutes. The judgment of the lower court is affirmed, with costs to respondent.

Sullivan and Huston, JJ., concur.